[No. 729.   October 2, 1897.]

UNITED STATES OF AMERICA, Plaintiff in Error and Appellant, v. FRANK LESNET et al., Defendants; ANNIE LESNET, Intervener, Defendant in Error and Appellee.

HOMESTEAD EXEMPTION—SUIT ON OFFICIAL BOND—INTERVENING PETITION—LAWS 1891, P. 123, SEC. 5—APPEAL.—Under section 5, Laws 1891, page 123, an appeal does not lie from a suit at law upon an official bond, and the mere filing of an intervening petition in such action did not convert it into an equitable action; it was only a supplementary proceeding in the original suit. Bank v. Brooks, 9 N. M. p. 113, ante.

ID.—SERVICE OF NOTICE—INTERVENING PETITION—SUFFICIENCY.—In such action, where the United States marshal was served with a notice of a claim of homestead, but refused to set apart the property, and sold the same under execution, an intervening petition alleging these facts, and that intervener was the wife of defendant, that he had abandoned his family, that the property was the homestead and place of residence of the family, and that she served the marshal with such notice before the sale, the petition was properly sustained.

ID.—EXEMPTION CLAIM—SUFFICIENCY AS AGAINST UNITED STATES—ACT CONGRESS, JULY 14, 1870, 16 U. S. STATUTES.—Under an act of congress of July 14, 1870, one entitled to an exemption of homestead under the laws of New Mexico, may hold the same against the United States.

ID.—PRACTICE, APPELLATE—AFFIDAVITS NOT PART OF RECORD PROPER—PRESUMPTION.—Affidavits which are no part of the record proper, will not be reviewed on appeal; and in the absence of any testimony, this court will not presume that there was sufficient testimony to sustain the finding of the court below.

*Appeal*, from and error to the Fifth Judicial District Court, from a judgment for intervener on her intervening petition. Affirmed.

The facts are stated in the opinion of the court.

W. B. CHILDERS, United States attorney, for United States.

In setting aside the homestead in this case the court acted without authority of law. Fink v. O'Neill, 106 U. S. 196. See, also, New Orleans v. Winter, 1 Wheat. 91, 95; Hepburn v. Ellzey, 2 Cranch, 445, 453.

The court erred in reopening the judgment to allow petitioner to make claim for homestead. Laws 1887, p. 175, sec. 16; Wildermuth v. Koenig, 41 Ohio St. 145.

Occupancy at the time of the levy and sale, and certainly, at least, at the time of the filing of the petition, was a necessary averment in the petition. Wap. Hom. and Exempt., p. 699.

Intervener not having made claim for a homestead before final sale, her right to claim the exemption in that proceeding

was lost. Norris v. Kidd, 28 Ark. 485; Chambers v. Perry, 47 Id. 400; Wap. Hom. and Exempt., 743-746, 866.

E. V. Chavez for Annie Lesnet.

In case of execution upon judgments in civil actions, the United States are subject to the same exemptions as apply to private persons by the law of the state in which the property levied on is found. Rev. St. U. S., sec. 916; Fink v. O'Neill, 106 U. S.; and this act applies as well to courts and citizens of a territory as to those of a state. Organic act, sec. 1891; Steamship v. Phelps, 101 U. S. (11 Otto, 453).

Before the defendant marshal attempted to sell the property in question, defendant in error, applied to the officer making the sale to set the same apart as a homestead. Laws 1887, sec. 16, p. 76. See, also, Thomp. Hom. and Exempt., secs. 821, 853.

Selling exempt property will justify setting aside sale. 12 Am. and Eng. Ency. Law, 235; 22 Id. 676, and notes.

LAUGHLIN, J.—The above case was brought up from the Fifth judicial district court of New Mexico, upon an appeal and writ of error sued out from this court by the plaintiffs in error and appellants, the United States of America, to reverse a judgment and decree of that court rendered February 6, 1897, in setting aside a homestead upon the application of Annie Lesnet, wife of Frank Lesnet, defendant in the suit against him in said court. Suit on bond of Frank Lesnet, as receiver of public moneys at the land office of the United States, at Roswell, Chaves county, New Mexico, was begun against the said Lesnet and his bondsmen in an action of debt on bond because of a shortage in the accounts of said Lesnet as such receiver. Lesnet having left the territory, the plaintiff in said suit, the United States, sued out a writ of attachment of his property, under which a levy was made on certain lands of the defendant, Lesnet, among which was lot number 8 in block 28 in the town of Roswell, Chaves county, New Mexico. Judgment was had on said attachment in favor of

plaintiffs, and writ of venditioni exponas issued for the sale of all the lands attached, and sale was made on February 27, 1896; but on February 27, 1896, before such sale was made, said Annie Lesnet made application in writing to the officer making said sale to set aside to the family of Frank Lesnet lot 8 in block 28 in the town of Roswell, New Mexico, with the improvements thereon, as a homestead, which was not done. On June 17, 1896, Annie Lesnet, wife of said Frank Lesnet, who had been living at Lincoln, Lincoln county, New Mexico, since the summer of 1893, filed, in the suit in which judgment had been obtained for plaintiffs against her husband, a petition asking for an assignment of said lot 8 in block 28, as the homestead of the said Frank Lesnet. The court entertained the petition, and assigned to the said Annie Lesnet the said lot 8 in block 28 in the town of Roswell (which had been, in the prior month of March, 1896, deeded to the United States, as purchasers at said sale) as the homestead of the said Frank Lesnet. From this judgment the United States appealed, and also sued out a writ of error to the said court, from this court.

The only matters for consideration here are (1) the right of the appeal sued out by the United States as appellants; (2) the writ of error sued out by the United States as plaintiffs in error; and (3) the jurisdiction of the court below to set aside the sale made by the United States marshal, and award to the defendant in error Annie Lesnet, as intervener, a homestead.

1. The original case of the United States against Frank Lesnet and others was a suit at law upon the official bond of defendant Lesnet, and the mere filing of an intervening petition to have the homestead set aside did not change the proceeding from an action at law into an equitable action. It was only a supplementary proceeding in the original suit. Bank v. Brooks (decided at this term), 49 Pac. 947; Freem. Ex'ns, 392 et seq. Appeals in equity cases and writs of error in common law cases are especially provided for by statute. Laws 1891, p. 123, sec. 5; Railroad Co. v. Martin, 7 N. M. 158. The judgment is not the termination of the

*Suit on official bond: intervening petition. Laws 1891, p. 123, sec. 5: appeal.*

suit. It may appropriately be termed the trunk of the suit, while the execution is the fruit and end of it, and the proceedings upon the execution are but branches of the trunk or main suit, and are proceedings in the suit. Bank v. Halstead, 10 Wheat. 51. The motion of appellees to dismiss the appeal is well taken, and the appeal is dismissed.

2. The case is here properly on writ of error, and the motion of defendants in error to dismiss on that ground is denied. But the writ of error brings up for consideration only the record proper, because there is no motion for a new trial, and no bill of exceptions. The first assignment of error is that the court below erred in sustaining the petition of Annie Lesnet, and making an order setting apart to her a homestead out of the property which had been already sold under venditioni exponas, and purchased by the plaintiffs in error. The property in question claimed as a homestead is lot number 8 in block number 28, town of Roswell, Chaves county, New Mexico, and it was sold by the United States marshal for this territory through his deputy, O. L. Ballard, on the twenty-seventh day of February, 1896, and was bought in for the plaintiffs in error; but on the same day, and before the property was offered for sale, Annie Lesnet, this intervener, as the wife of said Frank Lesnet, caused to be served upon said Deputy Ballard a notice in writing, addressed to him as the deputy of the marshal, which is as follows: "You are hereby notified that lot 8, block 28, together with the residence and all other improvements thereon, are claimed as homestead for the family of Frank Lesnet, late receiver of public moneys in the public land office, at Roswell, New Mexico; and you are requested not to sell the same, but to have it set aside from the sale of property this day to be made in the interest of the United States as said family homestead, he being entitled to the same as the head of a family." The statute under which this claim of homestead is made is as follows, to wit: Section 13: "Husband and wife, widow or widower, living with an unmarried daughter or unmarried

*NOTICE of exemption: intervening petition: sufficiency.*

minor son, may hold exempt from sale or judgment or order, a family homestead, not exceeding one thousand dollars in value, and the husband, or in case of his failure or refusal the wife, shall have the right to make the demand therefor; but neither can make such demand if the other has a homestead. * * *" Section 16: "The officer executing any writ of attachment or execution founded on any judgment, or order or decree, shall on application of the debtor, his wife, agent or attorney, at any time before sale, if such debtor has a family, and if the lands or tenements about to be levied upon or any part or parcel thereof, constitute the homestead thereof, cause the inquest of appraisers upon their oath to set off to such debtor, by metes and bounds, a homestead not exceeding one thousand dollars in valuation. * * *" Laws 1887, pp. 75, 76. The officer executing the writ of venditioni exponas having refused to entertain the notice of claim of homestead served upon him, and to set apart the property as a family homestead to the family of said Frank Lesnet, the said Annie Lesnet filed her intervening petition on the seventeenth day of June, 1896, and alleged, among other things, that she was the wife of said Frank Lesnet, and that he had abandoned his family during the month of February, 1893, and had never since returned; that the property here in question was a homestead and place of residence of their family; that, before the sale of the property in question, she served notice upon the officer who made the sale that the property was claimed as a family homestead of the family of said Frank Lesnet. We think this petition was seasonably made, and that the court properly entertained it. The statute (section 16, supra) provides that "such assignment of the homestead shall be returned by the officer along with the writ, and at the next succeeding term of the district court, the officer holding such writ shall return said assignment of homestead to the clerk thereof, the same to be entered on the records of said court, and if no complaint be made by either party, no further proceeding shall be had against the homestead, but the remainder of the debtor's lands and tenements, if any there be, liable

to sale on execution.  Upon complaint of either party, and upon good cause shown, the court out of which the writ issued may order a re-appraisement and assignment of the homestead.  *  *  * "  The statute prescribes a specific procedure to be followed by the officers executing the writ, and in the case at bar he did not pursue it.  If he was of the opinion that the property in question exceeded in value $1,000, it is plain that his duty was to have it appraised in the manner provided by law.  This he did not do, but disregarded the claim and request of the homestead claimant, and, wholly in disregard of the statute, sold it.  The court below, after a hearing upon the intervening petition, sustained the prayer of the petitioner, set apart to her said lot number 8 in block 28, town of Roswell, and held that the sale made by the marshal of said lot was without authority of law, and null and void, and that judgment is here sustained and affirmed.  We are of the opinion that the provisions of the statute supra are so plain that neither argument nor authority is necessary to support this position.

The only remaining assignment of error is that the court erred in holding that the petitioner was entitled to a homestead allowance as against the government,  Plaintiffs in error contend that a citizen of this territory can not claim and hold a homestead under the exemption laws of the territory as against the United States, unless by authority of some act of congress expressly authorizing such exemption. It is needless to discuss this question further than to say that congress has legislated directly upon this subject, in language as follows:  "That the following recited portion of a statute of the territory of New Mexico, approved February second, eighteen hundred and sixty-five, viz.:  'And no writ of execution shall on any account be executed on the real estate of any person, if there be no mortgage made by the husband and wife owning the said property, and the mortgage must have been executed with all the formalities required by law,' be, and the same is hereby  disapproved and declared null and void;

EXEMPTION: sufficiency as against U. S.

provided, that there shall be exempt from levy and forced sale under any process or order from any court of law or equity in said territory the lot or parcel of ground and the buildings thereon occupied as a residence and owned by the debtor, being a householder and having a family, to the value of one thousand dollars. And if, in the opinion of the creditors, the premises claimed by such debtor as exempt are worth more than one thousand dollars, then it shall be lawful for the officer to advertise and sell the said premises and out of the proceeds of such sale to pay to such execution debtor the said sum of one thousand dollars, which shall be exempt from execution for one year thereafter, and apply the balance on said execution; and provided, further, that no sale shall be made unless a greater sum than one thousand dollars shall be bid for said premises." Approved July 14, 1870 (16 Stat. 278). This act of congress is still in full force and effect here, and it expressly says "that there shall be exempt from levy and forced sale under any process or order from any court of law or equity in said territory the lot or parcel of ground and buildings thereon occupied as a residence." Any process or order from any court of law or equity in said territory must necessarily include a process issued upon a judgment obtained in a suit arising under the constitution and laws of the United States, as well as a process issued upon a judgment obtained in a suit arising under the laws of the territory. It was clearly the intention of congress to exempt to a householder having a family, a homestead, not to exceed in value $1,000. That congress had plenary power to enact this law, and to legislate directly for the territory, is a question which has long since passed beyond the line of controversy. We think this law overcomes the contention urged by the plaintiffs in error, that one entitled to the exemption of a homestead under the laws of the territory can not hold it as against the United States.

3. But, aside from this act, congress, by section 1851, Revised Statute United States, has specially provided that "the legislative power of every territory shall extend to all

rightful subjects of legislation not inconsistent with the con-
stitution and laws of the United States." Certainly, our ter-
ritorial statutes on homestead exemptions, as they now exist,
are rightful subjects of legislation, and they are not incon-
sistent with the constitution and laws of the United States,
because as early as May 20, 1862, when congress enacted the
original homestead law, it specially provided, by section 4,
(Rev. St. U. S., sec. 2296), that "no lands acquired under the
provisions of this chapter shall in any event become liable to
the satisfaction of any debt contracted prior to the issuing of
the patent therefor." That act of congress has been justly
regarded by the American people with jealous pride, and well
it may be, because it would perhaps be difficult to find another
single law of congress which has been attended with more
beneficial results to the people than this one. It has encour-
aged people to settle upon the public lands, till the soil, and
build up prosperous and happy homes; and at the same time it
has provided a protection to those who chose to do so, and who
chanced to be insolvent at the time, against their rapacious
creditors. It encourages good citizenship, and thereby bene-
fits both the state and the nation. Seymour v. Sanders, 3
Dill. 437. In commenting on section 5296, Revised Statutes
United States, under the title "Remission of Fines, Penalties
and Forfeitures," the court said, in Fink v. O'Neill, 106 U. S.
272 (1 Sup. Ct. 325): "Nothing can be more clear than this,
as a recognition of congress that, in case of execution upon
judgments in civil actions, the United States are subject to the
same exemptions as apply to private persons by the law of the
state in which the property levied upon is found, and that, by
this provision in favor of poor convicts, it was intended, even
in cases of sentence for fines for criminal offenses against the
laws of the United States, that the execution against property
for its collection should be subject to the same exemption as
in civil causes." As we have before said, our territorial stat-
utes allowing the exemption of a homestead are not inconsist-
ent with the constitution and laws of the United States, but,
to the contrary, are in harmony with the settled national

policy of the general government for the past forty years, and we see no reason why they should not apply and be recognized by the United States in this territory, because so long as the statutes apply to rightful subjects of legislation, and are not inconsistent with the constitution and laws of the United States, they stand as the law of the land, until annulled or modified by an affirmative act of congress.   It has been held by the highest courts of England (Dixon v. Arms Co., 1 App. Case. 632) that the sovereign is entitled to the use of a patented invention without compensation to the patentee, because the patented privilege is granted against the subjects only, and not against the crown.   Mr. Justice Bradley, in commenting on this subject, in James v. Campbell, 104 U. S. 356, speaking for the court, said:   "The United States has no such prerogative as that which is claimed by the sovereigns of England, by which it can reserve to itself, either expressly or by implication, a superior dominion and use in that which it grants by letters patent to those who entitled themselves to such grants. The government of the United States, as well as the citizen, is subject to the constitution; and, when it grants a patent, the grantee is entitled to it as a matter of right, and does not receive it, as was originally supposed to be the case in England, as a matter of grace and favor."   In referring to the homestead exemption laws, in Fink v. O'Neill, supra, Mr. Justice Matthews, in delivering the opinion of the court, said:   "In the Magdalen College Case, 11 Coke, 66b, Lord Coke, referring to Lord Berkley's Case, Plowd. 246, declared that it was then held that the king was bound by the statute de donis (13 Edw. 1), because, for other reasons, 'it was an act of preservation of the possession of noblemen, gentlemen, and others,' and 'the said act,' he continues, 'shall not bind the king only, where he took an estate in his natural capacity, as to him and the heirs male of his body, but also when he claims an inheritance as king by his prerogative.'   By parity of reasoning, based on the declared public policy of states, where the people are sovereign, laws which are acts of preservation of the home of the family exclude the supposition of any adverse

public interest, because none can be thought hostile to that; and the case is brought within the humane exception that identifies the public good with the private right, and declares that general statutes which provide necessary and profitable remedy for the maintenance of religion, the advancement of good learning, and for the relief of the poor, shall be extended generally according to their words, for civilization has no promise that is not nourished in the bosom of the secure and well-ordered household."

4.   It is urged in behalf of the plaintiffs in error that the intervener, Annie Lesnet, had abandoned the property claimed as a homestead, as shown by the affidavits filed by her with her petition, and that, therefore, she is not entitled to hold it under her claim as a homestead. The difficulty with this position is that the affidavits were offered and considered in the court below as evidence, and the court entertained them as such, and made its finding upon them, as testimony in the case; but this court can not consider them here, because they are no part of the record proper, and are not here for review by any motion for a new trial or bill of exceptions.   And, in the absence of testimony, it will be presumed by this court that there was sufficient testimony before the lower court to sustain its findings of fact.   There appearing no reversible error in the record proper, the judgment of the court below is affirmed.

PRACTICE, appellate: affidavits not part of record proper: presumption.

Smith, C. J., and Collier and Bantz, JJ., concur.